ROBERT S. THOMPSON *v.* MICHAEL LYNCH, ADMINIS-TRATOR OF THE ESTATE OF JOHN P. HILL, DECEASED, *et als.*

ACTION TO RESTRAIN A SALE BY AN ADMINISTRATOR.—A sale by an administrator of land once the property of the intestate, but which he is alleged to have sold during his lifetime, will cast such a cloud on the title of the intestate's prior grantee as will enable him to maintain an action to restrain the sale.

ONE NOT IN POSSESSION MAY ENJOIN SALE OF LAND.—The owner of land not in possession, may maintain an action to restrain a sale of the same by his own grantor, which would cast a cloud upon his title.

DENIALS IN AN ANSWER.—An allegation in an answer by an administrator that the defendant "avers on information and belief that no such deed or deeds were ever executed," is a sufficient denial of an averment in the complaint that defendant's intestate executed and delivered the particular deeds referred to.

EVIDENCE TO PROVE SALE OF LAND BY INTESTATE DURING HIS LIFETIME.—Proof that the intestate stated in his lifetime that he did not own any interest in land, that he had sold out, and of his allowing others to deal with the land as their own, is not evidence sufficient to sustain an allegation in a complaint against the administrator that the intestate executed and delivered deeds of the land.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

Plaintiff recovered judgment in the Court below, and defendant appealed.

The other facts are stated in the opinion of the Court.

*Edward Tompkins,* for Appellant.

*Elisha Cook,* for Respondent.

By the Court, SAWYER, J.

As to the defendant, Lynch, administrator of Hill—the only party who has appealed—this is an action to restrain him from selling, under an order of the Probate Court, the interest

of the intestate, Hill, in the premises described in the complaint, and thereby casting a cloud upon plaintiff's title. It is conceded that Hill formerly owned the land, and that plaintiff has acquired, by conveyances from him and his grantees, five undivided sevenths. The plaintiff also claims that he has acquired the title to the remaining two undivided sevenths through conveyances from Hill to Tracy and Bedell, of one seventh to each, and from them by proper conveyances to himself. The defendant Lynch, administrator, contests the claim to these two sevenths, and insists that they were never conveyed by Hill, and that they still belong to the estate of his intestate and are subject to be sold by him as administrator. The contest is in regard to these two sevenths. If the plaintiff has in fact acquired the title to these two sevenths by conveyances from Hill, a subsequent sale and conveyance by the administrator would give to the grantee an apparent title from the same source, and the conveyance would necessarily cast a cloud upon the plaintiff's title. (*Shattuck* v. *Carson*, 2 Cal. 588; *Pixley* v. *Huggins*, 15 Cal. 133.) An action to restrain the sale and prevent a cloud being cast upon plaintiff's title is not one of the new class of actions provided for in section two hundred fifty-four of the Practice Act, which authorizes a party in possession of real estate to institute an action "against any person who claims an estate or interest therein adverse to him, for the purpose of determining such adverse claim, estate or interest." And it is not necessary that the plaintiff should be in possession to enable him to maintain an action to restrain the sale. (*Hagar* v. *Shindler*, *ante*, 47.)

The plaintiff substantially states his title to have been derived from Hill, and a link in his chain of title to one of the sevenths in dispute, is a conveyance from Hill to Tracy, and to the other, a conveyance from Hill to Bedell. There is a question made as to the sufficiency of the denials in the answer to put the fact as to these conveyances in issue. There are some general loose allegations in the complaint as to title, and the denials are equally loose. In fact, these gene-

ral allegations of the complaint lack precision, and are in such a form as to make it difficult to take issue on the several parts, and perhaps the denials cited in the respondent's brief are as specific and distinct as the allegations reasonably admit of. There is, certainly, much less ground for holding the denials to be insufficient than in the case of *Landers* v. *Bolton*, 26 Cal. 393, referred to by counsel. But, however this may be, the more specific allegations relate to the conveyances of the two particular sevenths mentioned, and the contest is admitted in the record to relate to these alone; and with reference to these conveyances there is a clause of the answer which is not referred to by respondent. It is, "And on information and belief he avers that no such deed or deeds (deeds 'to said Tracy and Bedell, or either of them') were ever executed." This we think puts the existence of those conveyances in issue.

No deed from Hill to Tracy was produced, and no direct evidence of any kind introduced to show that there ever was any conveyance of any sort relating to the land actually executed by Hill to Tracy. The only evidence on the subject is that Hill, some ten years before the trial of the suit, said that he had sold six sevenths to Tracy and others without saying who the others were, or how much to Tracy, and that he subsequently " swore that he did not own a foot in the Asylum property or in the Hill property; that he had sold out;" that Staples, Tracy, Flint, Dorland and Bedell afterward dealt with the property as their own, and made deeds of partition with the knowledge and, perhaps, in the presence of Hill, and without any participation therein, or objection on his part. This testimony was admitted, under objection, on the grounds that it was not the best evidence of a conveyance, and that it was irrelevant and incompetent. The plaintiff alleged a conveyance from Hill to Tracy, as the mode by which he acquired his title, and it devolved upon him to prove the particular title averred. This evidence alone is certainly not sufficient to establish the fact. Had there been some direct proof that a conveyance of the land had been in fact executed and lost, but the fact not clearly established, the evidence of the subsequent

acts and declarations of the grantor harmonizing with the hypothesis that a deed had in fact been given, would be admissible, perhaps, as tending to support the other evidence, and as against a stale claim, might be entitled to some consideration. But it would be dangerous to rely upon such declarations alone resting in the memory of witnesses many years after the party making the declarations and performing the acts is dead, and, therefore, unable himself to protect his estate. This is not secondary evidence even. No conveyance was attempted to be directly proved. The Court was simply asked to infer that that there had been a conveyance from Hill and Tracy from the general declaration that he had sold out his interest, and from the fact that other parties assumed to own the land without any apparent objection on his part. Hill died in 1855, soon after the alleged acts and declarations. We do not think the Court was authorized to find a conveyance from Hill to Tracy upon this testimony, and without such finding several of the findings necessary to sustain the judgment are not justified by the evidence.

We feel compelled, therefore, to grant a new trial. The defendant, Lynch, administrator of Hill, is the only party who has appealed; as to him, only, the judgment is reversed and a new trial ordered.