ELIZABETH WHITE v. WILLIAM W. WHITE.

*Replevin by wife against husband—Ownership.*

1. A wife living apart from her husband can bring replevin against him for her individual property after making due demand therefor.

2. Where defendant in replevin has waived return he is entitled to a verdict for the value of such property in his possession as is claimed by the declaration but as to the ownership of which there is no evidence.

Error to Cass.   (A. J. Smith, J.)   Nov. 12.—Nov. 19.

REPLEVIN.   Defendant brings error.   Reversed.

*Harsen D. Smith* for appellant.

*Howell & Carr* for appellee.   A married woman may acquire property, own and control it, the same as though unmarried: *Berger v. Jacobs* 21 Mich. 215; it does not become her husband's by being in his possession: *White v. Zane* 10 Mich. 333; she may take it from his possession; *Starkweather v. Smith* 6 Mich. 377; he has no control over it: *Agricultural Ins. Co. v. Montague* 38 Mich. 549; she may maintain suits against him: *Markham v. Markham* 4 Mich. 305; *Randall v. Randall* 37 Mich. 563.

MORSE, C. J.   August 13th, 1883, the plaintiff, who is the wife of defendant, brought replevin for a large amount of personal property, including "about sixteen acres of wheat in stacks, about eight acres of corn in stacks, and about eighty bushels of corn in the crib."   It appears that in February, 1871, the defendant, who was living upon a farm belonging to his wife, by a written assignment transferred all his personal property to plaintiff, except a clover-huller and horse-power.   March 14th, 1871, he also executed to her a bill of sale, transferring to her an engine, belts and trucks, twenty acres of growing wheat, and a mowing-machine and one reaper.   Both of these instruments were received in evidence.   The plaintiff testified in her own behalf, and several other witnesses gave evidence of statements made by defendant to the effect that his wife owned all the property on the place; all of them, excepting two, testifying to conversations from 1871 up to 1881, and not later.   Nimrod Munsey testified that in the fall of 1882 defendant told him that all the property belonged to his wife; and Jeremiah White, a son of the parties, gave evidence that he had often heard his father say that all the personal property on the place belonged to his wife.   "Heard him say so recently."   The defendant offered no testimony, and before the case went to the jury a few articles were admitted to belong to him,

and the jury so found as to them, but rendered a verdict for the plaintiff for the balance of the property.

The defendant's counsel asked the court to instruct the jury that the plaintiff must identify the property and show that she was the owner of it at the time she brought her suit. This instruction was evidently aimed at the items of corn and wheat stated in the declaration, as near the close of the charge of the court the defendant's attorney said : " We ask for the wheat and corn." The court replied : " It is for the jury to say."

*Defendant's Counsel.* " There is nothing to show that she owned the wheat or corn."

*The Court.* " If they [the jury] find any property that belongs to him [defendant] under this testimony, then they will give him a judgment for the amount. It is for them to say what the testimony was, and not the court."

The defendant excepted to this charge of the court and his refusal to state to the jury that there was no testimony tending to show that the corn and wheat belonged to the plaintiff, and assigns error in the submitting of the question whether she owned the wheat and corn to them.

We think the circuit judge should have instructed the jury to find a verdict for the value of the wheat and corn for the defendant, he having waived a return of the property. There is an utter absence of any testimony in relation to the ownership of this portion of the property. Indeed, it is not mentioned by any of the witnesses, not even the plaintiff herself. As the evidence showed all the property in defendant's possession at the time of the serving of the writ, he was entitled to judgment for the wheat and corn, as against the plaintiff, who showed no right to it. There was no evidence even as to its being raised on her place.

Defendant also objected to any further evidence being given in the case, after it was shown she was the wife of defendant, upon the theory that the wife could not maintain replevin against her husband. The fact appeared that before and at the time of suing out her writ she was living separate and apart from defendant, and that before bringing the suit

she made a demand for the property.    We have no doubts as to her right to maintain this action.

For the error in submitting the ownership of the corn and wheat to the jury the judgment of the court below is

Reversed with costs and a new trial granted.

The other Justices concurred.