## H. C. CHAMBERLAIN v. JOHN W. BAKER ET AL.

### Decided March 12, 1902.

**1.—Cloud on Title—Injunction—Execution Sale.**

Sale of plaintiff's land on execution against another will not be enjoined, as casting a cloud on title, when the purchaser, and not the owner seeking injunction, would be the one compelled to resort to evidence extrinsic of the conveyances, to show title in himself if sale were completed.

**2.—Same.**

An attempt to sell land under execution against plaintiff's vendor, claiming the conveyance to him to be in fraud of the plaintiff in such execution, does not threaten such cloud on plaintiff's title as to furnish him ground to enjoin the sale.

**3.—Fraudulent Sale—Pleading.**

Pleadings considered and held to sufficiently negative the inference of fraud in the purchase on credit of land of an insolvent debtor, following the rules announced in Paddock v. Jackson, 41 Southwestern Reporter, 700.

Appeal from McLennan. Tried below before Hon. Marshall Surratt.

*John G. Winter,* for appellant.

*H. N. Atkinson,* for appellees.

FISHER, CHIEF JUSTICE.—This is an action by appellant against John W. Baker, sheriff of McLennan County, and A. J. Sewell, plaintiff in execution, to enjoin and restrain the sale of certain land described in plaintiff's petition, under execution sale, which was levied upon as the property of one Leland, in a suit wherein Sewell was plain-

tiff and Leland defendant. The petition alleges that the plaintiff was the owner of the land at the time that the writ was levied, and was in possession of the same, the same having been conveyed to him by deed executed by Leland, which was, before the levy of the writ, duly and properly recorded in the county where the land is situated. And also alleges that the levy of said execution, and the sale, if permitted to be made by virtue of it, would create a cloud upon the plaintiff's title; and goes on to allege other facts, which, it is claimed by the plaintiff, will affect the market value of his land and interfere with the use and disposition thereof by the plaintiff, if the threatened cloud is not prevented. The appellee in answer averred that the deed from Leland to the plaintiff conveying the land was made in fraud of the creditors of Leland, among whom at that time was appellee Sewell.

Plaintiff replied denying this allegation; but in his pleadings, in effect, it is alleged that Leland was insolvent, and that the land was worth about $25,000, and that he paid Leland or executed to him his notes therefor, in consideration of the sale to him, in the sum of about $800, and agreed to assume and pay off a mortgage debt on the premises of about $20,000. There are also some averments to the effect that this mortgage debt is partly due and is pressing, and that the only way open to the plaintiff to settle the same is by the proceeds arising from the use of the land or by incumbering or selling a portion of the same, in order to procure money to pay off and satisfy the mortgage debt.

Upon final hearing the court dissolved the injunction and dismissed the plaintiff's case.

If the question was an open one in this State, we would be inclined to agree with the contention of appellant that the facts stated constituted a threatened cloud upon title, and that equity by injunction would be the proper remedy to prevent it. Such a ruling, in our opinion, would be in keeping with principle and the better reason that should govern this subject, which is indicated in the following authorities: 17 Enc. of Pl. and Prac., 285-289, 330; 6 Am. and Eng. Enc. of Law, 2 ed., 150, 152, 153, 163, 166; 1 High on Injunc., secs. 372-375; Stoddard v. Prescott, 58 Mich., 546; Thompson v. Lynch, 29 Cal., 190; Van Wyck v. Kneables, 106 U. S., 370; Pixley v. Higgins, 15 Cal., 130; Rea v. Longstreet, 54 Ala., 293, 294; Lyon v. Alley, 130 U. S., 186; Verden v. City of St. Louis, 131 Mo., 74; Byerly v. Humphrey, 95 N. C., 154; Johnson v. Cooper, 24 Am. Dec., 508; Wood v. Seeley, 32 N. Y., 113; Thompson v. Etowah Iron Co., 91 Ga., 539; Stout v. Cook, 37 Ill., 285; Ames v. Sankey, 128 Ill., 526; Bomer v. Mayo, 19 Fla., 543; Cassiano v. Ursuline Academy, 64 Texas, 676; Day Cattle Co. v. State, 68 Texas, 526.

These authorities indicate the general rule to be that where the title or right asserted by the defendant would prevail unless the plaintiff would introduce extrinsic evidence to defeat it, a cloud upon title would result, and that in such a case the jurisdiction of a court of equity may

be invoked, not only to remove a cloud but to prevent its creation, when the possible danger therefrom is imminent and real, in that it is of a nature calculated to prevent the plaintiff in the use and enjoyment and disposition of his property; or that may materially affect its market value. The authorities cited show that these principles have been applied in cases where the plaintiff and defendant are asserting title from the same grantor. In some of the cases cited it was even held that although the title asserted by the defendant may be void, it could and would, under some circumstances, have created a cloud upon title, and that a court of equity would remove it. This view was to some extent discussed and approved in Day Cattle Co. v. State, 68 Texas, supra.

The invalidity of the title of the defendant complained of in the allegations of the plaintiff, if the execution sale was permitted to go on and conveyance be made to the defendant in pursuance of it, would not appear upon the face of the defendant's title, and if title to the land was asserted under it, plaintiff would be required to introduce extrinsic evidence in order to defeat it. Although the plaintiff's title might be superior, and the records of deeds of the county where the land was situated might show this fact, still, nevertheless, the existence of a purported title in the defendant from the same vendor under whom the plaintiff claims would throw some suspicion upon the superiority of the plaintiff's title, and would, to some extent, impair its efficiency and affect its market value. But the decided cases coming from the courts of this State are, to a great extent, opposed to the views above expressed, and are so numerous upon this subject, commencing with the early history of the Supreme Court and extending up almost to the present time, that we do not feel at liberty to disregard them, and to undertake to unsettle the rule that has in this State been so firmly established and that has so long existed. Such an undertaking by this court would be merely persuasive and of little force. Upon the subject just discussed, the disposition of this case by the trial court is sustained by the following cases: Carlin v. Hudson, 12 Texas, 203; Henderson v. Morrow, 12 Texas, 1; Witman v. Willis, 51 Texas, 422, and the same case, 431; Furgeson v. Herring, 49 Texas, 130; Purington v. Davis, 66 Texas, 456; Spencer v. Rosenthal, 58 Texas, 4; Canard v. Mabry, 78 Texas, 158; Mann v. Wallace, Landes & Co., 75 Texas, 613; Heath v. Bank, 32 S. W. Rep., 779; Paddock v. Jackson, 41 S. W. Rep., 700; Cook v. Railway, 3 Texas Civ. App., 145; Ivey v. Kempner, 2 Texas Civ. App., 477; Wofford v. Recker, 10 Texas Civ. App., 173.

On the issue that the appellant's title was acquired in fraud of the rights of appellee and other creditors of Leland, and that the averments of the petition do not sufficiently negative the existence of facts from which the inference of fraud might arise by reason of the transactions disclosed by the pleadings, we are of the opinion that the case of Paddock v. Jackson, 41 Southwestern Reporter, 700, is in point upon this subject, and will support the judgment of the trial court.

We do not think the case made by the petition comes within the rule announced in the latter part of the opinion of the court in Sumner v. Crawford, 91 Texas, 131.

The judgment of the trial court is affirmed.

*Affirmed.*

Writ of error refused.