## William R. Messick,

### *vs.*

## Ella S. Johnson and Jacob West, Sheriff.

### *Sussex, July* 22, 1916.

Equity has jurisdiction to prevent the creation of a cloud on the title to land because of inadequacy of legal remedy.

When equity takes jurisdiction it must be able to settle the rights of all the parties respecting the subject matter.

An injunction to prevent sale of land under a judgment rendered against a former owner after having parted with his title to it is not a collateral attack upon the judgment itself.

The owner of land, having no adequate legal remedy, may enjoin the sale of land under execution on a judgment against a former owner rendered after such owner had conveyed his title, although complainant is not in possession, whether the judgment be valid or not, because the sale would constitute a cloud on complainant's title.

INJUNCTION BILL. By the bill of complaint William R. Messick alleges that he is the owner of a lot of land in Georgetown, conveyed to him December 16, 1915, by one Edwin C. Baker, who acquired title by deed of John W. Messick dated May 25, 1915, and that Hettie A. S. Kollock by deed dated January 17, 1905, conveyed the land to John W. Messick. All the deeds are of record. Hettie A. S. Kollock, notwithstanding the deed to John W. Messick, was in possession of the land at the time of her death in 1911, and since her death John W. Johnson, her nephew, has been in possession. On July 10, 1912, letters of administration were granted on the estate of Hettie A. S. Kollock to Everett M. Barr, who gave no bond as administrator and on August 2, 1912, resigned his office, his resignation in writing being duly filed and allowed. On July 11, 1912, an action was docketed in the Superior Court for Sussex County by Ella S. Johnson, one of the defendants, and the wife of John W. Johnson, against Barr as administrator of Hettie A. S. Kollock to recover compensation for board, etc., furnished the deceased. In that action on February 14, 1913, judgment was rendered for the plaintiff for want of an appearance, though by reason of the resignation of Barr, there was no party defendant. Afterwards by inquisition the amount due was ascertained to be $1,207.50, and judgment was entered for that amount, and subsequently a writ of *venditioni exponas* to the June term, 1916, was issued and the property advertised for sale thereunder by the sheriff. After the recovery of the judgment, and before the *venditioni exponas* was issued, the complainant brought ejectment against John W. Johnson, and so far as appears that action was pending when the bill was filed.

It is alleged that a cloud would be put on the title of the

complainant if the sale was made by the sheriff, and injunctive relief is asked.

To the bill a demurrer was filed, and the cause was heard on bill and demurrer.

*Woodburn Martin*, for the complainant.
*Robert C. White*, for the defendants.

THE CHANCELLOR. Here the complainant owning land formerly owned by Hettie A. S. Kollock acquired title to it under a deed from her grantee, and after she had parted with the title in her lifetime, a judgment against her administrator has been obtained and execution issued thereon for the sale thereof. To prevent the creation of a cloud upon his title, which would result from a sale of his land, the complainant asks the help of this court, because of his helplessness in a court of law, and among other things, asserts facts to show the irregularity of the judgment.

The jurisdiction of the Court of Chancery to prevent the creation of a cloud on the title to land, or to remove such a cloud, is well established and salutary. Inadequacy of legal remedies is the basis of this, and almost all other branches of equity jurisdiction. When a court of equity takes jurisdiction it must be able to settle the rights of all the parties to it respecting the subject matter of the suit. The bill is framed upon the theory that the irregularity of the judgment gives this court jurisdiction. That depends on whether the complainant can in this proceeding attack the validity of the judgment. If he can, and the defect does not appear on its face and must be shown by evidence outside the record, then the Court of Chancery has jurisdiction to prevent the creation of a cloud on his title, which will result from the sale by the sheriff. This well established principle is recognized by the Court of Errors and Appeals in this State in *Murphey v. Wilmington*, 6 *Houst.* 108, 22 *Am. St. Rep.* 345, affirming a decision of Chancellor Saulsbury reported in 5 *Del. Ch.* 281, where relief against a sale to collect an assessment for municipal improvements was refused because the matter alleged to establish the invalidity of the assessment

appeared on the face of the record without any proof by the complainant. Another application of the power of the court to remove a cloud on title where extrinsic evidence was necessary to support the rights of the complainant was the case of *Newlin v. Phillips*, 9 *Del. Ch.* 165, 80 *Atl.* 640, where the court settled the rights of all parties.

In *Pomeroy's Equity Jurisprudence*, (2d Ed.) *Vol.* 3, § 1399, *p.* 2150, the rule is thus stated, though the logic of it is freely criticised by the learned author as a denial of justice:

"Where the instrument or proceeding constituting the alleged cloud is absolutely void on its face, so that no extrinsic evidence is necessary to show its invalidity, and where the instrument or proceeding is not thus void on its face, but the party claiming under it must necessarily offer evidence which will inevitably show its invalidity and destroy its efficacy, in each of these cases the court will not exercise its jurisdiction either to restrain or remove a cloud for the assumed reason that there is no cloud."

A correlative rule is that if the complainant in order to protect his title must offer any evidence in case of attack upon it, made possible by the instrument or proceeding which it is asserted has or may cloud the title, then the power and duty of the court to prevent the creation of the cloud or remove it by action appropriate for the facts of the case. *Murphey v. Wilmington, supra.*

But the question still remains, can this complainant, in this or in any other proceeding, attack the validity of the judgment? In his brief the solicitor for the defendant urges that the judgment is not open to attack collaterally. It is not necessary to apply such a principle here. The complainant is entitled to injunctive relief under the allegations of the bill, admitted to be true for the purpose of deciding this demurrer, without impeaching the judgment, and it is, therefore, unnecessary to determine whether the judgment is, or is not, valid. The complainant is entitled to the relief sought, because the judgment, even if valid, is against the administrator of Hettie A. S. Kollock, who in her lifetime conveyed the property to the complainant's grantor, and which is now owned by the complainant, though he be not in possession of it; and the relief

will be granted on those facts, though no title would in fact be acquired by the purchaser at the sale. There are two cases in this State which would justify that conclusion. In *Sharpe v. Tatnall*, 5 *Del. Ch.* 302 (1880), Chancellor Saulsbury awarded an injunction to restrain a sale by the sheriff, although no valid title could be sold or conveyed thereby, and the reason given for the decision was that a pretended sale and conveyance under it might cause the complainant expense and trouble and would cast a cloud upon his title. There the complainant had purchased land under a sale by the sheriff under a *levari facias* on a mortgage, and the defendant, who had filed a mechanic's lien against the same premises, had issued a *levari facias* to sell the same land under a judgment on the mechanic's lien. The Chancellor found as a matter of law that the sale to the complainant gave title discharged of the mechanic's lien based on facts of record and a construction of the statute. In the same year (1880), the case of *Murphey v. Wilmington, supra*, was decided in the Court of Errors and Appeals, though *Sharpe v. Tatnall, supra*, was not referred to therein, and in the former case, which was that of a municipal assessment invalid on its face, the court cited evidently with approval the case of *Pixley v. Huggins*, 15 *Cal.* 128. In the case cited, land of the complainant was advertised for sale under a judgment recovered against his grantor after the conveyance. The court enjoined the sale to prevent a cloud on the title, though no title would have passed to the purchaser at the sheriff's sale. The court said:

"The true test, as we conceive, by which the question, whether a deed would cast a cloud upon the title of the plaintiff, may be determined, is this: Would the owner of the property, in an action of ejectment brought by the adverse party, founded upon the deed, be required to offer evidence to defeat a recovery? If such proof would be necessary, the cloud would exist; if the proof would be unnecessary, no shade would be cast by the presence of the deed. If the action would fail of its own weight, without proof in rebuttal, no occasion could arise for the equitable interposition of the court; as in the case of a deed void upon its face, or which was the result of proceedings void upon their face, requiring no extrinsic evidence to disclose their illegality. All actions resting upon instruments of that character must necessarily fail." *Pixley v. Huggins*, 15 *Cal.* 128, 134.

There is ample authority to sustain this rule, though there are cases which hold otherwise. *High on Injunctions*, § 372, says:

"And it may be asserted as a general proposition, that a sale of lands under execution, which would confer no title upon the purchaser, and whose only effect would be to cloud the title of others, will be enjoined."

See also, 5 *Ruling Case Law*, *p.* 657, § 28, *and cases cited.* See also, *Fitts v. Davis*, 42 *Ill.* 391; *Pettit v. Shepherd*, 5 *Paige* (*N. Y.*) 493, 28 *Am. Dec.* 437; *Christie v. Hale*, 46 *Ill.* 117; *Shaw v. Dwight*, 16 *Barb.* (*N. Y.*) 536. In *Merriman v. Polk*, 5 *Heisk.* (*Tenn.*) 717, the court enjoined a judgment creditor of one who had conveyed the land before the judgment was obtained from selling under the execution, because the sale would create a cloud. The following language of Chancellor Walworth in *Pettit v. Shepherd*, 5 *Paige* (*N. Y.*) 493; 501, 28 *Am. Dec.* 437, was quoted by the Tennessee court:

"If a Court of Chancery would have jurisdiction to set aside the sheriff's deed which might be given on a sale, and to order the same to be delivered up and canceled, as forming an improper cloud upon the complainant's title to his farm, it seems to follow, as a necessary consequence, that the court may interpose its aid to prevent such a shade from being cast upon the title, when the defendant evinces a fixed determination to proceed with the sale."

In *Norton v. Beaver*, 5 *Ohio* (*Ham.*) 178, the same sound doctrine was applied.

The defense of the complainant to the claim which the purchaser would acquire at the sale by the sheriff under the *venditioni exponas* against the administrator of Hettie A. S. Kollock would be, not that the judgment against the administrator was invalid, but that the complainant held title under a deed made prior to the judgment. In an action at law he would not be able to attack the validity of that judgment. Obviously, however, if the defendant in the judgment never had the legal title and was a stranger to it, then there would not be even an apparent title in the purchaser. In this case the complainant alleges his ownership of the land, but shows he is not in possession

thereof. Whether possession by the complainant is a prerequisite has been much controverted. Some courts have broadly made possession jurisdictional, and others have stated as generally that possession is never necessary. Between the two extremes is the sane one, which gives relief even if not in possession when the circumstances are such that the complainant cannot have a full and complete remedy at law adequate to his needs. 3 *Pomeroy on Equity Jurisprudence*, (2d Ed.) § 1399, *and notes and cases;* 5 *Ruling Case Law,* 647; *and cases; Thompson v. Lynch,* 29 *Cal.* 189; *Ormsby v. Barr.* 22 *Mich.* 80; *Pier v. Fond du Lac,* 38 *Wis.* 470. See also, cases cited in *Whitehouse v. Jones,* 60 *W. Va.* 680, 55 *S. E.* 730, 12 *L. R. A.* (*N. S.*) 63.

There is, of course, here an impediment to the acquisition by the complainant of his right in an action at law, in that he cannot attack the validity of the judgment directly or indirectly by an action of his own, not being a party to it.

In this case, then, under the allegations of the bill taken to be true at the hearing on the demurrer to the bill, the complainant shows he is entitled to some injunctive relief. The owner of land, though he be not in possession thereof may enjoin a sale of the land by the sheriff under an execution on a judgment against the administrator of a prior owner, who had in his lifetime conveyed the land to one under whom the complainant claimed title, whether the judgment be valid, or not, because the sale and a conveyance by the sheriff would constitute a cloud on the title of the complainant.

The complainant must prove his own title to the land, and the defendant may by answer, or cross-bill, or both, set up his right to levy on the land, or the invalidity of the title of the complainant, or both. There will, then, be before the court the data for a decision which will settle between the parties their claims to an interest in the property.

The demurrer will be overruled, and the defendant required to plead or answer within a time to be fixed.

Note. For opinion after final hearing see *post p.* 362, which was reversed on appeal, *post p.* 454.