# SUPREME COURT OF TEXAS.

| 12 | 1 |
|----|----|
| 75 | 613 |
| 12 | 1 |
| 78 | 158 |

## TYLER TERM, 1854.

### HENDERSON v. MORRILL AND ANOTHER.

Where there is a judgment, and a decree that certain real estate be sold to satisfy it, it is not sufficient for a third person to allege, in order to obtain an injunction that he is the rightful owner of the land ; that the plaintiff in the judgment well knew it, but nevertheless, with a view to encumber the title of petitioner to said land and if possible by fraud to defeat petitioner's title thereto, had procured said judgment and decree ; that said plaintiff has no lien on the said land to secure the payment of said judgment ; that if the Sheriff should proceed to sell said land under said decree, petitioner will be greatly injured and harrassed thereby, and said sale would result in onerous and unnecessary litigation and expense to petitioner.

Appeal from Red River. Petitioner represented that he was the rightful owner of a certain tract of land situated on Red River, &c. ; that Amos Morrill, on the 6th day of June, A. D., 1853, obtained a judgment in the District Court of Red River county against John C. Carter and Mary A. Carter, for 517 32-100 dollars and costs of suit, and that said land be sold to satisfy said judgment ; that on the 15th day of July,

A. D., 1853, an order of sale was issued from the office of the Clerk of the District Court of Red River county, directed to the Sheriff of said county, commanding him to sell said land to satisfy said judgment, which order of sale was placed in the hands of John M. Bivins, Sheriff of said county; that said Sheriff had advertised said land to be sold, &c.; that petitioner is informed and believes and charges as true that said Morrill well knew that petitioner was and is the rightful owner of said land; but notwithstanding this, said Morrill with a view to encumber the title of the petitioner to said land, and if possible by fraud to defeat petitioner's title thereto, has procured said judgment and said order of sale to sell said land as the property of said John C. and Mary A. Carter; that said Morrill has no lien on the said land to secure the payment of said judgment; that if said Bivins should proceed to sell said land under said order, petitioner will be greatly injured and harrassed thereby, and said sale would result in onerous and unnecessary litigation and expense to petitioner.

Injunction issued, but afterwards dissolved, and petition dismissed on demurrer of defendants.

*Dillahuny, Johnson* and *Morgan*, for appellant. For the plaintiff it is insisted that the judgment of the District Court is erroneous, and should be reversed. Formerly, it appears that suits of this character were but little favored by the Courts. Doubts, it seems, were entertained as to their propriety; "but modern decisions have put these doubts to rest." We respectfully refer the Court to 2nd Story's Eq. Jurisprudence, Sec. 700, and cases cited there; and to the case of Finch's heirs v. Edmonson, 9 Tex. R., to show that the plaintiff is entitled to the relief prayed for.

*Murray* and *Dickson*, for appellees. The demurrer of defendants was properly sustained, as the petition does not show

that Henderson would be injured by the sale of the land, as the property of John C. and Mary A. Carter, if he is the rightful owner of the same. (Cameron v. White, 3 Tex. R. 152; Gregg and others v. Cole and others, 5 Tex. R. 417.)

Henderson does not allege a want of knowledge of the pendency of the suit of "Morrill v. Carter," and if his interest was affected by the same, he should have made himself a party to the same. If he has any cause of action, the same is a legal one, and should be "trespass to try title."

HEMPHILL, CH. J. The appellant obtained an injunction to restrain the Sheriff from selling a tract of land, under a judgment in favor of Amos Morrill (one of the appellees) against John C. Carter and Mary A. Carter, in which said land was decreed to be sold in satisfaction of said judgment, and under an order of sale, directing the said land to be sold in conformity with said decree.

On demurrer to the petition, the injunction was dissolved, the petition dismissed, and the plaintiff appealed.

The plaintiff avers that he is the rightful owner of the land; but he does not show by what title he claims, or that the Carters had no interest in the land. He alleges no facts to show that the judgment was obtained by fraud and collusion between Morrill and the Carters, and in relation to lands which could not be legally subjected to the satisfaction of such judgment. He does not aver that he is in possession, or that he will suffer any loss or damage by the sale. His right to the land cannot be injuriously affected by a judgment between third parties, or any proceedings to enforce said judgment.

The decree complained of was entered in the exercise of a competent jurisdiction, and cannot be collaterally attacked, or enjoined, on vague allegations of rights in third parties, and of fraud against those rights; and especially where these rights cannot be seriously prejudiced, whether the judgment be rendered with or without fraud.

The plaintiff does not aver his ignorance of the pendency

of the suit, the execution of which he now seeks to enjoin. If he had such knowledge, and had any well founded apprehension of danger to his rights, he should have intervened during the proceedings, and not after the decree.

The whole showing of the plaintiff is vague and insufficient; and the demurrer was rightly sustained.   (3 Tex. R. 152)

Judgment affirmed.