LOTHROP, LUCE & CO. *v.* ROSSNER ET AL.

APPEAL from the District Court of Humacao.

No. 70.—Decided February 1, 1906.

INJUNCTION—ADEQUATE REMEDY AT LAW.—The writ of injunction will not issue where there is a plain, speedy and adequate remedy at law.

ID.—SALE OF PROPERTY UNDER EXECUTION.—The writ of injunction will not issue on the application of the owner of a property to prevent the sale thereof under execution, since any damage sustained on account of said sale can generally be remedied by ordinary legal proceedings.

ID.—MORTGAGEE.—If the foregoing doctrine is applicable to the owner of the property, it is also applicable *a fortiori* to the mortgagee whose only interest is that the property is a security for the debt.

ID.—A mortgagee cannot enjoin the sale of lands under a judgment rendered subsequent to his mortgage, when it is not shown that the sale will not be made subject to his mortgage lien.

ID.—RIGHTS OF MORTGAGEE.—The mortgage creditor suffers no loss whatever by reason of the sale of the mortgaged property under execution proceedings, since he can enforce his mortgage rights as readily against the purchaser as against the original owner.

The facts are stated in the opinion.

*Mr. Hernández Usera* for appellant.

*Mr. Vías Ochoteco* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

The appellant in this case, Lothrop, Luce & Co., successors of De Ford & Co., brought suit in the District Court of Humacao to foreclose two mortgages against Manuel Argüeso y Flores on certain lands situate in said district, and pending the proceedings applied for and obtained a preliminary injunction against María Rossner and her husband, John Kenney, and the marshal of the district court, restraining them from selling the mortgaged lands under an execution which had been issued on a judgment rendered in favor of Mr. and Mrs. Kenney and against Argüeso, condemning the latter to the payment of the amount of several promissory notes. The mortgages were constituted prior to the making of the promissory notes on which the judgment was rendered, though it is true that said mortgages were recorded in the register of property subsequent to the entry of the cautionary notice of the attachment which was made by Kenney and wife in connection with their suit. The appellants claim priority for their mortgage liens over the lien of the execution under section 44 of the Mortgage Law, and this claim is admitted by the appellee. On account of this priority the appellants contend that they have the right to prevent the sale under execution of the lands mortgaged on the ground that they would be thereby irreparably damaged and that they had no speedy and adequate remedy at law to indemnify them for the damages which they would sustain by the sale if made. The respondents contended that the priority of the appellants' lien upon the land would not be affected by the sale of the property, as it is fixed upon the property itself and clings to it regardless of the hands into which it passes, either by sale made by the original owner or by the marshal under process of the court.

It is a general rule that an injunction, being an extraordinary writ, will not issue where ample redress for an injury may be had by an ordinary action at law; and it is a necessary corollary from this rule that a sale of lands under an

execution against a third person will not be enjoined at the suit of the real owner; since any injury which he may sustain can generally be remedied by ordinary legal proceedings. (*Henderson* v. *Morrill*, 12 Tex., 1.)

Mr. Justice Wheeler in the case of *Carlin* v. *Hudson*, 12 Tex., 203, says:

"The cases in which injunctions are granted to restrain the alienation of property, are those where it is indispensable to secure the enjoyment of specific property; or to preserve the title to such property; or to prevent frauds, or gross and irremediable injustice in respect to such property (2 Story Eq., chap. 23). The present manifestly does not come within that description of cases. The proposed sale of the land, as the property of Ford, could not operate to dispossess the plaintiff, or to deprive him of his enjoyment, or to defeat his title, or embarrass him in the prosecution of his legal remedies for any injury to his title or possession, if indeed the property was his by a fair and bona fide purchase, made before any lien had attached or any right had accrued to the plaintiffs in execution by reason of the judgment. They, by virtue of their execution, could only sell the title or interest of Ford in the land, whatever that might be. If he had none, the sale could not work any irreparable injury to the real owner. And to permit the execution of judgments to be enjoined for such causes would be to enable judgment debtors, by fraudulent transfers of property, to embarrass the collection of debts, by imposing upon their creditors the necessity of almost interminable litigation and delay. The present was not a proper occasion for the court to interpose its preventive and protective authority by injunction. (*Henderson* v. *Morrill*, *supra;* 3 Tex., R. 152.) The injunction was improvidently awarded. And as the threatened sale was the only injury complained of, and the obtaining of an injunction the sole purpose of the suit, the petition was rightly dismissed for the want of equity."

If this is true of an owner, then *a fortiori* is it true of a mortgagee, who only has a claim upon the lands which are levied on for the security of a debt.

And it is expressly laid down by Mr. High, in his excellent work on injunctions, that a mortgagee cannot enjoin the

sale of lands under a judgment subsequent to the mortgage when it is not shown that the sale will not be made subject to the lien of the mortgage (1 High on Injunctions, sec. 463). The same principle is announced in the case of *Ruthven Bros. v. Mast,* 55, Iowa, 715.

There is no dispute whatever between the parties interested concerning the facts of this case, nor is the priority of the lien claimed by the appellants denied. The only question involved is this: Should the preliminary injunction have been issued, or, having been issued, should it have been dissolved, as it was on the motion of the respondents? The appellants have not shown that they would suffer any irreparable damage, or indeed any damage whatever, by the sale which is threatened. Their security will not be impaired. Their rights can be enforced just as readily when the purchaser at the execution sale is in possession as when the original mortgagor is holding the lands hypothecated. If the mortgagee could not enjoin the mortgagor from selling the mortgaged lands, how can he thus prevent the marshal from making the sale under the orders of a court. The marshal only sells whatever right, title or interest the defendants in execution may have to the mortgaged lands, and leaves the rights of all lienholders entirely unimpaired. Besides the mortgagee has a reasonably speedy and entirely adequate remedy at law, which of course cuts him off from any right to an injunction. It is this: When his mortgage is foreclosed he can purchase the property if he chooses, for the amount of his debt or less, and then, having a better title than the purchaser at the execution sale, can bring his proper action to recover the possession from the vendee of the marshal just as certainly and as speedily as he could from the original mortgagor.

So, whatever may have been the reasons given by the trial judge for his action in dissolving the injunction, the order

itself was correct and should be affirmed at the cost of the appellant.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, Figueras and Wolf concurred.