LATHAM COMPANY, BANKERS, ET AL. v. MRS. M. A. SHELTON.

Decided October 16, 1909.

1.—Injunction—Execution Sale.

An injunction should not be granted to stay a sale of land under execution when it appears from the averments of the bill that petitioner was not a party to the judgment or execution sought to be enforced, and that she is the legal and equitable owner of said land by virtue of due conveyance of which the plaintiff in execution has notice by record or otherwise. In such case the owner has full and adequate legal remedy.

2.—Same—Act Construed.

It seems that the effect of the provisions of the Act of 1909 (Gen. Laws 1909, p. 354), amending article 2989, Rev. Stats., is to enlarge the right to injunction to restrain the sale of land under execution.

Appeal from the District Court of Nolan County. Tried below before Hon. Jas. L. Shepherd.

*Earl Conner*, for appellant.

*H. M. Lightfoot*, for appellee.

CONNER, CHIEF JUSTICE.—This is an appeal from an *ex parte* order of the judge of the thirty-second judicial district granting an injunction to restrain the sale of lot 4, block 110, in the town of Sweetwater, Nolan County, upon which the sheriff of said county had levied certain executions in favor of appellants and against H. M. Lightfoot and M. L. Lightfoot. It is alleged in the petition upon which the injunction rests that appellee, Mrs. M. A. Shelton, at the date of the executions, which were issued on the same day, and at the date of the levy of the same, was "the legal and equitable owner" of said lot 4, and "that her title is duly recorded in deed records of Nolan County, Texas, and was so recorded" at the time said executions were levied. The petition further describes the executions and the several judgments by virtue of which they were issued, from which it appears that the judgments were by the Justice Court of Eastland County in favor of appellants and against said H. M. and M. L. Lightfoot only. Appellee, therefore, was not a party to the proceedings, and her title being of record, the levy upon and the threatened sale of lot 4 as the property of the Lightfoots, strangers to the title, did not authorize the grant of an injunction.

The early case of Carlin v. Hudson, reported in 12 Texas, 202, is closely in point. In that case Carlin sought and was awarded an injunction by the District Court restraining the sale of certain lands which had been levied upon as the property of one Ford. Carlin alleged in his petition for the injunction that by a *bona fide* purchase from Ford he was the owner of the lands levied upon, and that on the 12th day of March, 1852, some three days before the levy of the execution, he "had his title deeds duly recorded." In disposing of the case on appeal our Supreme Court said: "The cases in which injunctions

are granted to restrain the alienation of property are those where it is indispensable to secure the enjoyment of specific property; or to preserve the title to such property, or to prevent frauds, or gross and irremediable injustice in respect to such property. (2 Story, Eq., chap. 23.) The present manifestly does not come within that description of cases. The proposed sale of the land as the property of Ford could not operate to dispossess the plaintiff, or deprive him of its enjoyment, or to defeat his title, or embarrass him in the prosecution of his legal remedies for any injury to his title or possession, if indeed the property was his by a fair and *bona fide* purchase made before any lien had attached or any right had accrued to the plaintiffs in execution by reason of the judgment. They, by virtue of their execution, could only sell the title or interest of Ford in the land, whatever that might be. If he had none, the sale could not work any irreparable injury to the real owner. And to permit the execution of judgments to be enjoined for such causes would be to enable judgment debtors by fraudulent transfers of property to embarrass the collection of debts by imposing upon their creditors the necessity of almost interminable litigation and delay. The present was not a proper occasion for the court to interpose its preventive and protective authority by injunction. (Henderson v. Morrill, *supra,* 12 Texas, 1.) The injunction was improvidently awarded. And as the threatened sale was the only injury complained of, and the obtaining of an injunction the sole purpose of the suit, the petition was rightly dismissed for the want of equity."

The case of Carlin v. Hudson has been followed and approved by numerous subsequent decisions. In some of the cases injunctions have been upheld where the title or right of the petitioner rested in part in parol or was not of record at the time of the levy of the execution against a third party. But we know of no case in which an order for an injunction has been sustained where, as here, the petitioner shows that she was not a party to the judgment or execution sought to be enforced, and where she is the legal and equitable owner by virtue of due conveyance of which the plaintiff in execution has full notice by record or otherwise. In such cases the owner has full and adequate legal remedy in the action of trespass to try title, and a resort to the equitable remedy of injunction is unnecessary and unauthorized. (Walker v. Herron, 22 Texas, 58; Purinton v. Davis, 66 Texas, 456; Mann. v. Wallis, Landes & Co., 75 Texas, 611; Cook v. Texas & P. Ry. Co., 3 Texas Civ. App., 145; Chamberlain v. Baker, 28 Texas Civ. App., 499; Brown v. Ikard, 33 Texas Civ. App., 661.)

We conclude that appellee's petition exhibits no equity and that the court erred, as assigned, in granting the injunction prayed for. It follows that the order appealed from should be set aside and the writ of injunction issued by virtue thereof vacated, and it is so ordered. The suit, however, will not be dismissed, as usual in cases where no relief other than for an injunction is sought, for the reason that some of the members of the court are inclined to think that the statutory right to an injunction has been enlarged by the amendment of Revised Statutes, article 2989, passed since the date of the order herein appealed from, to the effect that in addition to cases heretofore prescribed, injunction may now be granted ". . . where a cloud

would be put on the title of real estate being sold under an execution against a person, partnership or corporation, having no interest in such real estate subject to the execution at the time of the sale, or irreparable injury to real estate or personal property is threatened, irrespective of any legal remedy at law." (See page 354, Gen. Laws 1909.) The suit, therefore, will be remanded to the end that appellee may, if she can and so desires, amend her petition so as to bring her case within the new statute.

*Reversed and remanded.*