**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**Charles JOHNSON et ux., Appellees.**

**No. 473.**

Court of Civil Appeals of Texas, Tyler.

July 9, 1970.

Rehearing Denied Oct. 8, 1970.

Ramey, Brelsford, Flock, Devereux & Hutchins, Richard Grainger, Mike A. Hatchell, Tyler, for appellant.

Bill Wilder, Henderson, Richard W. Fairchild, Nacogdoches, for appellees.

McKAY, Justice.

This is an action under the uninsured motorist clause of an automobile liability policy. It is a companion case to United Furniture and Appliance Company v. Johnson et ux., 456 S.W.2d 455 decided June 24, 1970. The facts are set out in detail in that opinion, and we will not restate them here.

The cause of action arose out of an automobile accident involving the Johnsons and Jessie David Floyd. Appellees filed

suit against Floyd, his employer United Furniture, and their insurer State Farm Mutual Automobile Insurance Company, under the uninsured motorist clause. Judgment was entered upon the jury verdict in favor of appellees against all three defendants. Separate appeals were perfected by United Furniture and State Farm Mutual.

It is undisputed that Floyd did not carry automobile liability insurance coverage at the time of the accident, nor was there in existence at that time any policy specifically covering the automobile he was driving. However, his employer did carry a liability policy that would cover a non-owned automobile driven by one of its employees in the course of his employment.

The clause in appellees' policy defining the term "uninsured automobile," and upon which the portion of the judgment here in question must rest, is as follows:

"* * * an automobile or trailer with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile, * * *."

Appellant and appellees both agree that if Floyd was acting within the scope of his employment at the time of the accident so that United Furniture would be legally responsible for the use of the automobile, then the uninsured motorist coverage of appellees' policy would not be applicable in this case.

The question of scope of employment was squarely presented in the companion case, and we have decided in United Furniture and Appliance Company v. Johnson et ux., 456 S.W.2d 455, that Floyd was acting within the course and scope of his employment at the time of the accident, and that his employer is legally responsible under the doctrine of respondeat superior for the use

of that automobile being driven by Floyd at that time. A proper application of the rules of construction of insurance policies requires a determination that Jessie David Floyd at the time of the accident was therefore not driving an uninsured automobile. Royal Indemnity Co. v. Marshall, 388 S.W. 2d 176 (Tex.Sup., 1965); Trinity Universal Insurance Co. v. Tubbs, 342 S.W.2d 209 (Tex.Civ.App., Amarillo, 1960, ref., n. r. e.).

Judgment of the trial court against State Farm Mutual Automobile Insurance Company is reversed, and judgment is rendered whereby Charles Johnson et ux. take nothing as against appellant State Farm Mutual Automobile Insurance Company.

Reversed and rendered.