## H. W. HOLDEN v. W. R. McLAURY.

### (Case No. 4261.)

1. FRAUD — ACTION.— Suit may be maintained to cancel and declare void for fraud a conveyance to the defendant by a third party, against whom the plaintiff had obtained a judgment for damages, the land having been sold under that judgment to the plaintiff, and the petition charging that the defendant knew of the fraudulent intent of such third party to defraud plaintiff of his claim for damages by the conveyance, and colluded with him to consummate the fraud.

APPEAL from Tarrant. Tried below before the Hon. A. J. Hood.

The object sought to be accomplished by the suit was to have a certain conveyance made by one Charles H. Shirly to appellant declared void, said conveyance dated July 21, 1880, and conveying the land described in the petition to appellant, asserting that said conveyance was made to hinder, delay and defraud the creditors of the said Shirly, and especially the appellant, and that appellee, at and before the time of the conveyance, knew of the fraudulent intent of Shirly in making the same, and colluded with him therein. Appellant alleged that on the 12th day of January, 1880, he sued Shirly in the county court of Tarrant county for $350 damages sustained by him by reason of Shirly's having theretofore sued out an attachment against him wrongfully and maliciously; that said cause was called for trial on the 21st day of July, 1880, and resulted in a judgment in his favor the next day for $150 and costs; that he entered a *remittitur* for $136.50, leaving that judgment final in his favor for $13.50 and costs of suit; that he procured the issuance of execution thereon and caused the same to be levied on the land in the petition described, and purchased the same for $50, and received the sheriff's deed therefor; claiming that appellee was the attorney of Shirly in that suit and fully informed as to his affairs, and that Shirly had left the state and owned no other property subject to execution, etc.

Appellee answered by general and special exception, general denial, etc.

The court sustained the exceptions to the petition, and, appellant declining to amend, rendered judgment dismissing the case. The ground upon which the court sustained the exception, as appears from the judgment, was that at the time of the conveyance from Shirly to appellee, appellant then had no subsisting debt against Shirly.

*J. C. Scott,* for appellant, cited: Cox *v.* Shropshire, 25 Tex., 115; Sedg. on Dam., 11; Bump on Fraud. Con., 489; 18 Johns., 427.

No briefs for appellee on file.

WATTS, J. COM. APP.—But one question is presented by the record for determination, and that is, does the appellant, by the allegations in his petition, show himself entitled to maintain the suit to vacate the asserted fraudulent conveyance?

Our statute provides that every conveyance, etc., made "with the intent to delay, hinder or defraud creditors, purchasers or other persons of or from what they are or may be lawfully entitled to, shall, as to such creditors, purchasers or other persons, their representatives or assigns, be void."

In the case of Cox *v.* Shropshire, 25 Tex., 113, the court below decreed a cancellation of a conveyance as fraudulent under the statute as against an asserted claim for damages growing out of the malpractice of a physician. The supreme court affirmed the judgment, without even alluding to the character of the claim.

In Jackson *v.* Myers, 18 Johns., 427, which was a similar case to this, it was said, "considering the broad expressions in the statute, that conveyances to defraud creditors and others of their just and lawful actions, damages and demands are void, I think it is competent for the lessor of the plaintiff, who purchased under the execution of Morse *v.* Adsit, to object that the deeds relied on by the defendant are fraudulent and void, on the ground that the action of Morse *v.* Adsit, although founded *in malificio,* is within the spirit, words and meaning of the statute, and, consequently, that the plaintiff is entitled to judgment." That decision was afterwards approved in Wilcox *v.* Fitch, 20 Johns., 472.

Instead of specifying the claims that it includes, our statute uses the words "of what they are or may be lawfully entitled to." Appellant was then asserting his claim for damages, and it was judicially determined the day after the conveyance was made, that he was "lawfully entitled to" a portion of the damages claimed.

It seems clear to us that the statute included and extended its protection to the claim of appellant against Shirly for damages, and that appellant was entitled to a hearing upon the facts alleged in his petition.

We think the judgment ought to be reversed and the cause remanded.

REVERSED.

[Opinion adopted October 26, 1883.]