IRENE ANDREWS v. GRIFFIN ANDREWS.

No. 2739.

**Pleading—Divorce.**—A petition for divorce which alleged continuous cohabitation as husband and wife from 1867 to 1885, which fails to allege that such living together was in pursuance of a contract of marriage, is bad on demurrer. Such an allegation in pleading can not be regarded as the equivalent of an allegation of marriage.

APPEAL from Washington. Tried below before Hon. I. B. McFarland. The opinion states the case.

*Beauregard Bryan* and *W. B. Garrett,* for appellant.— 1. A general demurrer of the defendant admits the facts as stated. That being so, does the plaintiff's petition state a cause of action? If the parties to this action were in the year 1867, when they commenced to live together as man and wife, negroes, and were precluded by law of bondage from the rites of matrimony, and so continued to live together until August 15, 1870, then the plaintiff had a good cause of action and the court erred in dismissing it. Rev. Stats., art. 2846; Webb v. The State, 24 Texas Ct. App., 166.

2. People of the negro race lived under law of bondage to the white race until freed by the enactment of the thirteenth amendment to the Constitution of the United States, of date December 18, 1865. The negro was denied many of the rights of a free man after his emancipation; among them was the rite of matrimony. His status as a citizen of the United States was not settled until the enactment of the fourteenth amendment to the Constitution of the United States, of date July 28, 1868. In Texas, by constitutional enactment of 1869. He was not declared a citizen until then. Sayles' Const. Hist., p. 326; Id., p. 365; Id., p. 399, sec. 21, p. 463, sec. 27; Rev. Stats., art. 2846.

3. The constitutional enactment of 1869 and article 2846 of Revised Statutes were retroactive in effect and are healing acts. Public policy recognizes such acts, and the court favors them by liberal construction to give them effect. Such acts were necessary in the early history of Texas, and were upheld by the courts in this and other States. Nichols v. Stewart, 15 Texas, 226; Rice v. Rice, 31 Texas, 175; Goshen v. Stonington, 4 Conn., 226; Sedg. Const. and Stat. Law, pp. 667, 668.

4. All rights of citizens of Texas were in an uncertain state by reason of their being an overpowered people and made subject to acts of reconstruction between the dates June 19, 1865, when General Granger issued his proclamation, until March 30, 1870, when the Constitution of 1869 was adopted by the Congress of the United States. Grigsby v. Peak, 57 Texas, 150, 151.

No brief on file for appellee.

GAINES, Associate Justice. — The appellant, as plaintiff in the court below, brought this suit against appellee for a divorce, and for a division of property alleged to have belonged to them in common. A general demurrer was sustained to the petition and the suit was dismissed. In this there was no error. The petition is insufficient even upon general demurer. The allegations in reference to the marriage of the parties are as follows: "That the plaintiff and defendant are negroes, are husband and wife, and lived together as husband and wife from the —— day of August, 1867, until about the —— day of August, 1885, continuously, having been both precluded by the laws of bondage from the rights of matrimony, and having been living together in such relations August 15, 1870."

If the petition had alleged that the parties were husband and wife at the time the defendant committed the acts which are complained of as grounds for a divorce, it would have been sufficient. But the allegations only show that they were husband and wife at the time the petition was filed, and fail to show at what time that relation was established.

We infer from the brief that it was the object of the allegations which have been quoted to aver that the parties mutually agreed presently to become husband and wife in 1867, without the rites of matrimony being solemnized by any one authorized by law to perform that ceremony, and that they had continued ever since to live together as husband and wife until August, 1885. But the averment merely is that they have continuously lived together as husband and wife from 1867 to 1885. The fact that they had lived together as husband and wife would in some cases be evidence of the fact that that relation existed between them. But in pleading it can not be taken as the equivalent of an allegation of marriage. The pleading does not contain any statement that such cohabitation was in pursuance of any contract of marriage. They may have lived together as husband and wife without being married. The Act of August 15, 1870, in reference to persons who had been held in bondage, was intended to legalize the marriage between slaves when they had made a present contract of marriage and had continuously lived together as married persons in pursuance of such contract. Even if we should hold that the statute applied to marriages between freedmen and freedwomen contracted in 1867 (which we do not hold), the allegations, we think, would still be insufficient to show a marriage. If it had been averred, however, that the plaintiff and defendant mutually agreed presently to be husband and wife, we would have had the question whether such contract, even in the absence of any ceremony by a person authorized to solemnize the rites of matrimony, would not have been a valid marriage at common law. But the petition lacks such averment, and we need not consider that question.

The demurrer to the petition was properly sustained, and the judg-
is affirmed.

*Affirmed.*

Delivered January 17, 1890.