## SUBER v. CHANDLER.

1. RES JUDICATA—EVIDENCE.—After order refusing permission to plaintiff to discontinue his action, in which the rights of other parties as assignees are involved, and the affirmance of such order on appeal, testimony of plaintiff offered by defendant for the purpose of procuring a discontinuance was properly excluded.

2. EXCEPTIONS based upon a misapprehension of the trial judge's ruling, overruled.

3. RES JUDICATA—EVIDENCE.—In action by judgment creditor to set aside a voluntary deed made by the judgment debtor, evidence attacking the consideration of the debt upon which the judgment was rendered, is inadmissible.

4. DEED—CONSIDERATION—MARITAL RIGHTS.—A deed made by a husband to his wife on the consideration of money inherited by the wife and received by the husband into his possession in 1867, was a voluntary deed under the law, prior to the Constitution of 1868, as to the marital rights of a husband.

5. EVIDENCE.—One of the plaintiffs, not having been sworn in behalf of plaintiffs, was introduced as a witness for the defence, and an affidavit, previously made by him, not contradictory of any statement of his, was read, and he was asked by the defendant's counsel if that was his statement about the matter.   The record disclosed the fact that this plaintiff had abandoned his co-plaintiff and was aiding the defendants. *Held,* that the witness should have been examined as to the facts, and

that the testimony was incompetent in the form in which it was offered.

6. CONDITION—DOWER—CONSIDERATION.—A voluntary deed by a husband to his wife was upon the condition that the grantee should not claim dower out of the estate granted or out of other lands previously granted by him to his children. *Held,* that the waiver of dower was no part of the consideration of this deed.

7. ADVERSE POSSESSION is an affirmative defence, which raises an issue of fact. Where a debtor made a voluntary deed to his wife and children, reserving to himself the use for life, his holding thereafter was not adverse to his creditors, and the residence of his wife and children on the land granted was not adverse until their occupancy in their own right commenced, which was not until the grantor's death.

8. LIMITATION OF ACTIONS—ADDED PARTIES.—When a new plaintiff, as assignee of the original plaintiff, is added, the currency of the statute of limitations, as against the claim and the rights of the new plaintiff thereto, is arrested at the original commencement of the action.

Before WALLACE, J., Newberry, November, 1890.

In this case Hon. James Aldrich, judge of the Second Circuit, sat in the place of Mr. Justice Pope, who had been of counsel. It was an action by Ivy M. Suber and Lambert J. Jones against Dolly L. Chandler and others, to set aside a deed made to defendants by the debtor of plaintiffs, dated September 2, 1869. The action was originally instituted October 2, 1879. Plaintiffs held a judgment recovered February 13, 1879, based upon a note dated April 16, 1863. *Nulla bona* return was made by the sheriff October 1, 1879. The deed recited a consideration of natural love and affection, and five dollars, and was "upon the condition that she makes no claim of dower in or to the land hereinbefore mentioned and described, nor in or to any lands heretofore sold by me to any one or all of my children; and it is herein further provided, and expressly declared, that I do hereby reserve to myself the use and entire control of the premises herein mentioned, described, and conveyed, so long as I live."

The decree of the Circuit Judge was as follows:

On hearing the pleadings, evidence, and argument of counsel herein, it is ordered, adjudged, and decreed, that the land embraced in the deed from Thomas Chandler to the defendants,

dated the second day of September, 1869, and described in the complaint, is liable for the payment and satisfaction of the judgment set out in the first paragraph of the complaint, amounting at this time to the sum of three thousand two hundred and eighty dollars and ten cents, debt and interest, and the sum of sixty-eight dollars and forty cents costs, and that said land be sold by the master of this county on salesday in January next, or some convenient salesday thereafter, for one-third of the purchase money in cash and the balance on a credit of twelve months, with interest from the day of sale, to be secured by the bond of the purchaser and a mortgage of the premises sold, with leave to the purchaser to anticipate his payment in whole or in part—purchaser to pay for papers.

It is further ordered, that the proceeds of said sale be applied and paid out by the master as follows: *First.* To the payment of the costs and disbursements of the plaintiffs in this court in this action, including the costs and expenses of said sale. *Second.* To the payment of the debt, interest, and costs due upon the judgment set out in the complaint—said payments to be made to the plaintiff, Lambert J. Jones, as assignee, as aforesaid, to be applied by him in accordance with the terms of the assignments set out in the complaint without prejudice to the plaintiff, Ivy M. Suber, to require an account from said assignee for any interest which he may have therein. *Third.* That any surplus after the payments aforesaid to be paid to the defendants.

It is further ordered, that the said sale be without prejudice to any claim which may be hereafter made by the defendant, Dolly L. Chandler, for dower in said land.

*Messrs. M. A. Carlisle* and *J. F. J. Caldwell,* for appellants.

*Mr. Geo. S. Mower,* contra.

May 10, 1892.    The opinion of the court was delivered by

MR. JUSTICE ALDRICH.    This is the third time that this case has been in this court. "In September, 1869, Thomas Chandler, now deceased, in consideration of natural love and affection, executed a conveyance to his wife and two daughters, the defendants,

of a certain tract of land situate in Newberry County, containing
two hundred and sixty acres, reserving a life estate to himself.
The deed was duly recorded September 11th, 1869. At the time
of the execution of this deed, Chandler, the grantor, was indebted
to appellant by sealed note, which bore date in 1863. In December, 1874, which was five years and three months after the execution and recording of the deed, the appellant brought action
upon his note against Chandler, before the termination of which
Chandler died; but the action was revived against his representatives, and judgment was obtained on February 13th, 1879, for
$1,798.07. In October thereafter, the sheriff made return of
*nulla bona* on the execution issued on this judgment, and on the
next day, to wit, October 2nd, 1879, the present action was begun to set aside the deed to the defendants as fraudulent. The
defendants, with other defences not involved on this appeal, interposed the statute of limitations. The presiding judge, Judge
Pressley, sustained the plea, and on that ground dismissed the
complaint with costs." 18 S. C., 527. This court reversed the
judgment of the Circuit Court, and remanded the case for a new
trial. *Ibid.*, 534.

Upon the second trial, in December, 1885, before Judge Witherspoon, "the defendants interposed a verbal demurrer, that the
complaint did not state facts sufficient to constitute a cause of
action, and that being overruled the trial progressed. Among
other witnesses, the defendants examined the plaintiff, Ivy M.
Suber, who, it seems, is a brother of the defendant, Dolly L.
Chandler, and he was allowed to testify that he had once owned
the note upon which the judgment standing in his name had been
recovered; but that, being embarrassed, he had assigned the note
(probably before it was sued to judgment) to Messrs. Jones &
Jones as collateral security for certain demands which they held
against him, as it seems, individually, and as attorneys for others;
that since that time he really did not own the note; that he had
given it up for the benefit of his creditors, and 'if they could make
anything out of it, all well and good'; that he did not authorize
the suit, but knew that it had been brought, and never before
made any objection to its being in his name; now, however, he
desired it dismissed. Thereupon the attorney for plaintiff moved

the court for leave to amend the complaint by making Lambert J. Jones, in his own right and as survivor of Jones' & Jones, a party plaintiff, which was granted," and the case was continued. 28 S. C., 384. Upon appeal to this court, the decision of Judge Witherspoon, upon the demurrer and the motion to amend the complaint, was affirmed. *Ibid.*, 387.

The third trial, upon the amended complaint and the answers thereto, was had before Judge Wallace, who, upon November 22nd, 1890, decided the case in favor of plaintiffs, and *inter alia* decreed that the land described in the voluntary deed is "liable for the payment and satisfaction of the judgment," above referred to, and accordingly directed a sale of the land. Judge Wallace's decree should be published in the report of this case. From this decree defendants appeal upon several grounds.

1st. "That his honor erred in excluding the testimony of Ivy M. Suber, the plaintiff, and the only plaintiff at that time, taken before Judge Witherspoon, in which he disclaimed all interest in the cause of action, and authorized its dismissal at a former trial on the ground that it was irrelevant to the issues before the court." The "testimony" referred to was submitted to Judge Witherspoon, and, commenting thereon, he said: "Here is a party, Ivy M. Suber, who brought this action, permitted it to be brought in his name, in 1882, and, as far as I know, has up to this time permitted it to remain. It also appears that he is the brother of the defendant. Now, to permit a man to come in here under these circumstances and repudiate the action. I do not think is right. And I think it is one of those cases that invoke the aid of the court, and I will allow the amendment. * * * I have also the information before me now, that this party has made an assignment of this judgment, and that other parties are interested, and I think it would be wrong, on his motion, they claiming through him, just to allow him to get up on the stand and say the case must go out of court." Instead of putting the case "out of court," he allowed the amendment. If "the testimony of Ivy M. Suber, * * * in which he disclaimed all interest in the cause of action, and authorized its dismissal at a former trial," was tendered for the purpose of procuring a dis-

continuance of the action, and that seems to have been the purpose, then we think that it was properly excluded.

2nd. "That his honor erred in ruling out the testimony showing other valuable considerations than those expressed in the deed, on the ground that the judgment of Ivy M. Suber against the executors of Thomas Chandler was conclusive, and therefore any testimony showing the consideration set forth in defendants' answer was not competent." The "Case" does not support this exception. Testimony showing other considerations than those expressed in the deed, was on several occasions admitted, even against plaintiffs' objections. Dolly L. Chandler, Lambert Chandler, and Ivy M. Suber all testified as to those "other" considerations, and Judge Wallace, in overruling plaintiffs' objection to their testimony, said: "I will let this testimony in to see if there is anything in it to show consideration," and he even allowed testimony as to the declarations of Thomas Chandler. The ruling of the judge, viz., "The judgment is conclusive; the testimony is not competent," which this exception calls in question, was upon the admissibility of evidence to show that Ivy M. Suber was indebted to Mrs. Chandler, and to show an alleged want of consideration of the note of Chandler to Suber, and we do not think that the judge erred in excluding it.

3rd. "That his honor erred in ruling, that when the personal estate of the wife of the grantor, Thomas Chandler, was received by him, it became his immediately, and that a conveyance by the grantor to the defendant, based upon the value of the property so received, was voluntary, and that any evidence showing such a consideration in the deed was incompetent." During the trial, defendants' attorney, addressing the court, said: "The peculiar circumstances of this conveyance, and the conversations that happened between Suber on the one part and Chandler on the other, your honor rules that those surrounding circumstances cannot be introduced to show what moved the grantor to make the deed?" The judge, answering, said: "Strictly, I do not think they can, but I do not see any harm to be done by it. So far as we have gone, the consideration alleged and offered to be proven is that $2,100 was received of his wife's estate as cash.

That cannot be taken as a consideration. As soon as he received it as a part of his wife's personal estate, it was his immediately. I think that if he received the $2,100 of her estate, it became his immediately, and if he afterwards made her a deed with that as the consideration, it was a voluntary deed." All of the transactions referred to, except the execution of the deed, occurred prior to 1868, and the judge merely stated the law, as it then existed, in reference to the rights of husbands and creditors. His views are sustained by *Bouknight* v. *Epting*, 11 S. C., 71 ; *Brock* v. *Bowman*, Rich. Eq. Ca., 188 ; and *Izard* v. *Middleton*, Bail. Eq., 228. This exception is overruled.

4th. "That his honor excluded all the evidence showing the conversations that took place between Ivy M. Suber, plaintiff, and Thomas Chandler at the time, and previous to the execution of the deed, and detailing the circumstances which surrounded the entire transaction." The "Case" does not support this exception. Lambert Chandler, Mrs. Chandler, and Ivy M. Suber were allowed to testify as to these "conversations" against plaintiffs' objections.

5th. "That his honor ruled out all the evidence going to show that the note upon which the judgment of Ivy M. Suber against Thomas Chandler (was based) was without any consideration." This ruling is sustained by the case of *Fraser & Dill* v. *City Council*, 19 S. C., 384.

6th. "Because his honor excluded the oral and written statements of Ivy M. Suber, plaintiff, in which he detailed all the occurrences and transactions, with the accompanying circumstances, that took place at the time and previous to the execution of the deed, and which statements showed that the deed was executed with his full knowledge and consent, and was made at his own instance, and with his direction, advice, and consent, with the sole view and purpose of the grantor's providing for his (Suber's) sister and her daughters, on the ground that they were statements made after the action was begun, and would allow him to impeach the instrument upon which he had commenced his suit."

The "written statements" referred to were affidavits of Ivy M. Suber, written by defendants' counsel, and executed after the suit

was begun. One clause in the affidavit is: "Defendant (deponent is meant) says that he never authorized any proceeding to be instituted in the case of Ivy M. Suber against Dolly L. Chandler and Effa S. Chandler and Fannie T. Chandler to set aside the deed which was made at his instance." At folio 83, the court does say: "I think that is incompetent. It would be allowing him to impeach an instrument after he had commenced suit." The word "instrument" seems to be a slip of the tongue or pen, or a misprint; for there was no "instrument," except the affidavits, then before the court. From the fact that defendants' counsel immediately proposed "to introduce testimony as to the authorization of the suit," it may be that the word "instrument" was intended to apply to the suit or action pending. If such was the fact, and defendants' purpose was to procure a discontinuance of the suit—"to impeach" the action, after he had commenced it—then the affidavits were properly rejected. The order of Judge Witherspoon ended that matter.

Defendant's counsel again tendered the affidavit as his testimony, saying: "We desire now, may it please the court, to introduce this as a statement. It is an admission on his part, under oath, to save witness any further interrogations on that point." Before plaintiffs' objection to its admission, the court said: "Ask him the questions; they have a right to cross-examine. Some of them may be objectionable." Defendants' counsel: "I will read the affidavit, may it please the court, with your permission, and ask him if that is his statement about the matter. We propose to introduce this statement in evidence." The Court: "I can't allow it. He is here to be examined." Defendants' counsel: "I will read it subject to exception," and he did read it, and it is in the "Case." Ivy M. Suber was called and sworn as a witness for defendants. He had not testified as a witness for plaintiffs. The affidavit was not tendered to contradict any statement made by him as a plaintiff or as a witness for plaintiffs. He was on the stand as a witness when the affidavit was tendered. Judge Wallace knew, from the record, that Ivy M. Suber, after he found that the note and judgment belonged to his creditors, seemed to have abandoned his assignees, and that he was aiding the defendants. If the facts stated in the affidavit

were true, then his testimony was the best evidence of those facts. The presiding judge was right in excluding the affidavit, and requiring the defendants to prove their case, if they could, by the best evidence, the testimony of the witness, given in open court, and when the adverse party could exercise the valuable and important right of cross-examination. Ivy M. Suber, as a witness for defendants, did testify as to the "oral" statements referred to in the exception. The judge did not exclude them. Lambert Chandler and Mrs. Chandler also testified as to these statements of Ivy M. Suber. This exception is overruled.

7th. "That his honor erred in ruling that, in the condition of the deed, the waiver of dower in any and all lands of Thomas Chandler was not a valuable consideration, and the conveyance would not, therefore, be voluntary." We have not been able to find the ruling of the judge referred to in this exception; but his decree is based upon the idea expressed in the exception. The condition of the deed contains no "waiver of dower in any and all lands of Thomas Chandler" by Mrs. Dolly L. Chandler; that is the construction placed upon the deed by defendants' counsel. Judge Wallace did not hold that Mrs. Chandler had waived her right to dower; on the contrary, his decree directs that the sale of the land shall "be without prejudice to any claim which may be hereafter made by the defendant, Dolly L. Chandler, for dower in said land." The only testimony as to dower is given by Mrs. Chandler herself, and she only said that she has never received dower in the land given to her, or the lands given to the children of Thomas Chandler. Mrs. Chandler was asked by the court: "On what conditions, then, Mrs. Chandler, did you take this deed to the property?" Her answer was: "He gave it." Evidently dower, as a consideration, did not enter her mind when she accepted the deed. There is no proof that dower, rather the waiver of dower, formed any part of the consideration of the deed. It does not appear that Mrs. Chandler, either before, at the execution, or since the execution of the deed, has renounced or waived her dower in and to any of the land mentioned in the deed. The clause in the deed, in reference to defendants' dower, was inserted for the benefit of Thomas Chandler's children, and did not bind Mrs. Chandler. It does not ap-

pear that any benefit or advantage resulted to grantor, or any injury or loss to Mrs. Chandler; nor does it appear that the children of Thomas Chandler were even consulted in the matter.

9th.[1] "That his honor erred in ruling that the plaintiff, L. J. Jones, in his own right and as survivor of Jones & Jones, was not barred of his action by reason of ten years' adverse possession, from the recording of the deed up to the commencement of the action by Ivy M. Suber, and if not at the last named time, that up to the date of his having been made a party to the action by order of the court." Adverse possession is an affirmative defence, which raises an issue of fact, to be determined by the evidence. We do not think that the evidence sustained this plea. The deed, in terms, provides: "And it is herein further provided and expressly declared that I (Thomas Chandler) do hereby reserve to myself the use and entire control of the premises herein mentioned, described, and conveyed so long as I live." Thomas Chandler had "the use and entire control of the premises," from the execution of the deed up to the date of his death, which occurred but a short time before the commencement of this suit. Thomas Chandler could not, were he living, plead adverse possession, and as he had "the use and entire control" of the premises," which "use and entire control" gave him the possession of the premises, it is difficult to understand how the defendants could have acquired or held adverse possession of the land. The evidence is, that Thomas Chandler had possession of the land, and that his wife and two daughters, the defendants, resided with him, upon the premises, as members of his family. There is no evidence that defendants, jointly or severally, ever held adverse possession of the land.

10th. "That his honor erred in holding that the plaintiff, L. J. Jones, in his own right and as survivor of Jones & Jones, was not barred of his action, by reason of the statute of limitations, for four years from the date of the *nulla bona* returned October 1st, 1879, in this action, up to the time he was made a party by order of the court. 11th. That his honor erred in holding that the action already begun by Ivy M. Suber inured

---

[1] The 8th exception is substantially the same as the 9th, Ivy M. Suber's name being substituted for "L. J. Jones."—REPORTER.

23—36

to the benefit of L. J. Jones in his own right and as survivor of
Jones & Jones, and that so far as he was concerned the amended
complaint was not a new action." The note upon which the
judgment was obtained belonged to Ivy M. Suber; but he had
assigned the same as collateral security, and the order making
L. J. Jones a party was intended to bring the real parties in in-
terest before the court. The amendment did not change the cause
of action, and it gave to Jones the same rights as if he had been
a party plaintiff from the commencement of the suit.   28 S. C,
382.   This, also, disposes of the tenth exception.

The judgment of this court is, that the judgment of the Cir-
cuit Court be affirmed.