

# THE ATTORNEY GENERAL
# OF TEXAS

JOHN L. HILL.
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

May 6, 1976

The Honorable Bob Bullock
Comptroller of Public Accounts
L.B.J. Building
Austin, Texas 78711

Opinion No. H- 817

Re: Availability of an
appropriation to Texas
State Technical Institute.

Dear Mr. Bullock:

You have asked our opinion on the availability of an appropriation to Texas State Technical Institute for the replacement of a building and equipment destroyed by fire. The appropriation is provided in Acts 1975, 64th Leg., ch. 339 at 907 and provides in its entirety:

> There is hereby appropriated from the General Revenue Fund for the fiscal year ending August 31, 1975, the sum of $748,000 for constructing and equipping an instructional building at the James Connally Campus, Texas State Technical Institute, to replace a building destroyed by fire.

Although the bill was introduced early in the legislative session and was submitted by the Governor as an emergency matter, it was not enacted by the Legislature until May 29, 1975. It was approved by the Governor on June 19, 1975, and became effective on that day.

After the appropriation was effective, the Institute selected an architect, approved the plan he prepared, advertised for bids and awarded a contract for construction of the building.

While these actions were begun shortly after the appropriation became effective, the plans were not approved and the bid was not accepted until after August 31, 1975. We understand that the practical and legal time demands inherent in the preparation of plans and the advertising for bids made commitment of the funds virtually impossible before August 31, 1975.

In light of these circumstances, your specific question is:

> Did the Legislature intend to require Texas State Technical Institute to complete letting the contract in the three month period ending August 31, 1975, or is the language in Section 1 merely directing the Comptroller to pay the expenses out of fiscal 1975 funds?

The funds involved here are appropriated "from the General Revenue Fund for the fiscal year ending August 31, 1975." If that phrase limits the appropriation to the 1975 fiscal year it would have expired on August 31, 1975, before the Institute would have had any practical opportunity to develop plans and commit expenditures. On the other hand, if the phrase merely describes the fund from which the money is to be taken, the appropriation has not expired.

Legislative acts are to be construed in a manner which will avoid constructions which render the statute meaningless, futile or purposeless. Balfour v. Collins, 25 S.W.2d 804 (Tex. Sup. 1930); City of Nacogdoches v. McLeroy, 371 S.W.2d 61 (Tex. Civ. App. -- Beaumont 1963, no writ); Stolte v. Karren, 191 S.W. 600 (Tex. Civ. App. -- San Antonio 1917, writ ref'd). Given this rule of statutory construction, it is our view that the statute should not be construed to expire before there was any real opportunity to commit the funds to the replacement of the fire-destroyed building. Accordingly, it is our opinion that the funds are currently available for expenditure and that the reference to the General Revenue Funds for 1975 merely is intended to describe the fund from which the money is to be drawn, and for the purposes of this opinion may be considered as surplusage.

## S U M M A R Y

The appropriation to Texas State Technical
Institute provided in Acts 1975, 64th Leg.,
ch. 339 at 907 is available for expenditure.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb